## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

MONTRELL BURNS                                                                                    PLAINTIFF

V.                              No. 4:22-CV-00434-KGB-JTR

CLARK, Sergeant, Pulaski County
Detention Facility, *et al*.                                                                   DEFENDANTS

### RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Baker can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I. Introduction

On May 10, 2022, Plaintiff Montrell Burns ("Burns") and 19 other inmates[1] in the Pulaski County Regional Detention Facility ("PCRDF") jointly filed a single

---

[1] Willie C. Lovelace, Jerry W. West, Xavion Omoware, Jerry York, Brian Allen, Timothy D. Counts, Roderick D. Maxwell, Donald Slusher, Daniel Owen, Charles Horton, Quincy Harris, Christopher Otis, Derrick Conley, Adrian Jimenez, Antwan Conley, Reginald Crusterson, Jobani Rodriguez, Pedro Ramirez, and Travion Hamilton.

*pro se* § 1983 Complaint alleging that Defendants violated their constitutional rights. *Doc. 1*. In accordance with the Court's general practice, the Clerk severed the joint Complaint into 20 individual § 1983 cases.[2]

After reviewing the Complaint, the Court issued a June 29, 2022 Order noting several problems with the pleading. *Doc. 5*. Thus, the Court directed the Clerk to send Burns a new § 1983 complaint form labeled "Amended Complaint" and gave him thirty (30) days "to file an Amended Complaint that provide[ed]: (1) *how* each Defendant *personally participated* in violating his constitutional rights, including dates, times, and places where those violations occurred; (2) *what constitutional right* he believe[d] each Defendant violated; and (3) how *he* was harmed by each of the allegedly constitutional violations." *Id. at 4*. Importantly, the Court cautioned Burns that, if he elected not to file an Amended Complaint providing the additional information requested by the June 29 Order, the Court would proceed to screen the Complaint and would "likely … conclude it should be dismissed, without prejudice, for failing to state a claim." *Id*.

On July 14, 2022, Burns filed the Amended Complaint form the Clerk sent him, but he left the statement of claim section *completely blank* and did not otherwise provide *any* factual allegations nor *any* of the information requested by the Court's

---

[2] *See* Case Nos. 4:22-cv-00425-KGB-JTR through 4:22-cv-00444-KGB-JTR.

June 29 Order. *See Doc. 6*. Thus, the Court will proceed with screening his initial pleading.³

## II. Discussion

Burns alleges that, from March 10th through 14th, 2022, and again from March 20th through 22nd, 2022, a "link door" was open at the PCRDF, causing one officer, Officer Smith, to oversee two units, consisting of 181 inmates. *Doc. 2 at 6*. Burns alleges that, because a single officer cannot properly supervise that many inmates, "when the link door is opened," he and other inmates "are locked in [their] cells the entire time," with no access to showers, telephones, the law library, the kiosk system, or any outside recreation. *Id. at 6-7*. Burns contends this creates a "hostile environment." *Id. at 6*.

He also alleges another "inmate died due to one officer to 181 inmates [be]cause that link door was open." *Id. at 6*.

For relief, he seeks to have "all court fees paid by officers, [the] officers reprimanded, and [to have] the link doors closed permanently." *Id. at 7*.

---

³ The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

To survive § 1915A screening, a "complaint must contain sufficient *factual matter*, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added); *see also* Fed. R. Civ. P. 8(d) (allegations must be "simple, concise, and direct"). "[L]abels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a plausible claim. *Iqbal,* 556 U.S. at 678. Finally, a plaintiff must plead facts showing how *each defendant* was *personally involved* in the alleged constitutional wrongdoing. *Id.* at 676.

Here, Burns has named Sergeant Clark, Sergeant Hill, Officer Anderson, Sheriff Eric Higgins, Officer James, Officer Knight, Lieutenant Atwood, and Officer Smith as Defendants, but, except for stating that Officer Smith was left to oversee two PCRDF units when the link door was open, he has not pled *any facts* demonstrating how the named Defendants were *personally involved* in the alleged constitutional violation. Nor has he described how long the alleged incidents lasted on the dates specified.

Further, jail administrators cannot be held vicariously liable in this § 1983 action for any constitutional violations allegedly committed by their subordinates. *See Parrish v. Ball,* 594 F.3d 993, 1001 (8th Cir. 2010); *Keeper v. King.,* 130 F.3d 1309, 1314 (8th Cir. 1997) (holding that the "general responsibility for supervising

the operations of a prison in insufficient to establish the personal involvement required to support [§ 1983] liability").[4]

Finally, with regard to the allegation that another inmate died as a result of the open link door, Burns cannot raise claims alleging the mistreatment of another inmate, but can only assert those claims he personally endured. *See Stanko v. Brewer*, 853 F. App'x 41, 42 (8th Cir. 2021) ("[A]n inmate cannot bring claims on behalf of other prisoners."); *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) ("A prisoner cannot bring claims on behalf of other prisoners.").

Accordingly, Burns has failed to a state plausible § 1983 claim, and his action should be dismissed, without prejudice.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT Burns's Complaint (*Doc. 1*) be DIMISSED, WITHOUT PREJUDICE.

DATED this 31st day of October, 2022.

_____
UNITED STATES MAGISTRATE JUDGE

---

[4] It is also worth noting that, in a § 1983 action, Burns lack standing to request, by way of relief, that Defendants be reprimanded, as matters related to the employment of prison personnel are left to the discretion of prison officials, not the courts. *See Bell v. Wolfish*, 441 U.S. 520, 548 (1979) ("[T]he operation of our correctional facilities is peculiarly the province of the Legislative and Executive Branches of our Government, not the Judicial.").